UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ARCHAMBEAU, JR.,

      Plaintiff,                                     Hon. Robert J. Jonker

v.                                                                Case No. 1:18-cv-1017

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Income Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and it provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Secretary of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard

presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 38 years of age on his alleged disability onset date. (ECF No. 8-7, PageID.264). He successfully completed high school and worked previously as a hi-lo driver and production line welder. (ECF No. 8-2, PageID.72). Plaintiff applied for benefits on August 25, 2015, alleging that he had been disabled since December 11, 2103, due to: (1) herniated discs, nerve damage, and numbness in his back; (2) torn cartilage in his knees; (3) floating bone spurs in his neck; (4) loss of fluid in his shoulder joints; (5) carpal tunnel syndrome; (6) inflammatory arthritis; (7) hypertension; (8) high cholesterol; (9) migraines; (10) vertigo; (11) depression; and (12) anxiety. (PageID.264-72, 301).

Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.128-262). On August 17, 2017, Plaintiff appeared before ALJ Cynthia Harmon, with testimony being offered by Plaintiff and a vocational expert. (ECF No. 8-3, PageID.81-126). In a written decision dated January 4, 2018, the ALJ determined that Plaintiff was not

disabled.  (PageID.43-74).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.29-33).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146

-4-

n.5 (1987); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disease; (2) bilateral carpal and cubital tunnel syndrome; (3) degenerative joint disease of the left acromioclavicular joint with left shoulder rotator cuff tendonitis; and (4) left knee chondromalacia and synovitis with effusion, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (PageID.46-57).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can frequently, but not repetitively, push or pull with the left upper extremity; (2) he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (3) he can occasionally stoop, kneel, crouch and crawl; (4) he can frequently, but not repetitively, reach overhead with his left upper extremity; (5) he can frequently, but not repetitively, perform handling and fingering activities with his left upper extremity; and (6) he must avoid extreme cold and vibration.   (PageID.57).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy

which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 213,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.118-19). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). The vocational expert further testified that if Plaintiff were further limited to the performance of sedentary work there still existed more than 100,000 jobs in the national economy which he could perform. (PageID.120-21). Accordingly, the ALJ found that Plaintiff was not entitled to disability benefits.

I.   **The ALJ's Step Three Determination is Supported by Substantial Evidence**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments, which, if present to the severity detailed therein, result in a finding that the claimant is disabled.  At Step 3 of the sequential evaluation process, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment.  Here, the ALJ determined that Plaintiff's impairments neither met nor medically equaled any listed impairment.  Plaintiff's sole argument on appeal is that he is entitled to relief because the ALJ made this medical equivalence determination without benefit of an opinion from a medical expert.

Plaintiff's argument, however, is premised upon a misinterpretation of the relevant authority.  Social Security Ruling 17-2p provides that the ALJ "is responsible for the finding of medical equivalence," and while the ALJ *may* enlist a medical expert to assist in this determination, such is left to the ALJ's discretion. Social Security Ruling (SSR) 17-2p: Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence, 2017 WL 3928306 at *3 (S.S.A., Mar. 27, 2017).   This SSR further states that if the ALJ "believes that the evidence does not reasonably support a finding that the [claimant's] impairment(s) medically equals a listed impairment, we do not require the [ALJ] to obtain [medical

expert] evidence or medical support staff input" prior to finding a lack of medical equivalence at step 3.  *Id.* at *4.

While Plaintiff is correct that SSR 17-2p does make reference to a requirement that the ALJ obtain evidence from a medical expert or similar authority, this requirement applies only if the ALJ first determines that the claimant's impairments medically equal a listed impairment.  *Id.* at *3.  Thus, rather than establishing that the ALJ must obtain medical expert evidence prior to denying a claim at step 3, this SSR establishes that an ALJ can only find the existence of medical equivalence at step 3 if certain supporting evidence is present.  *See, e.g., Holmes v. Commissioner of Social Security*, 2018 WL 3544902 at *3 (N.D. Ohio, July 24, 2018) (recognizing that pursuant to SSR 17-2p, an ALJ is not required to obtain medical expert evidence if she finds that the claimant's impairments do not medically equal a listed impairment); *Jammer v. Commissioner of Social Security*, 2019 WL 1372171 at *7 (E.D. Mich., Feb. 22, 2019) (same).

In denying Plaintiff's claim for benefits, the ALJ authored a 32 page opinion in which she exhaustively discussed the medical evidence as well as her reasons for finding that Plaintiff's impairments do not medically equal a listed impairment.  The ALJ's rationale is clearly articulated and supported by substantial evidence.  While Plaintiff may be correct that "the evidence put forth in the record could reasonably be interpreted to be equivalent to" Section 1.04 of the Listings, Plaintiff has failed to identify any error in the ALJ's analysis.  Moreover, that the evidence arguably supports a different outcome is not a proper basis for relief.  *See, e.g., Reynolds v.*

*Commissioner of Social Security*, 424 Fed. Appx. 411, 414 (6th Cir., Apr. 1, 2011) (the court "reviews the entire administrative record, but does not reconsider facts, reweigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ").

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 2016 WL 3748462 at *1 (W.D. Mich., July 13, 2016); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Dated: <u>April 17, 2019</u>            /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge